No. 116—2386. Hagans v. Devries, Adm'x, etc. This was a bill by appellant Hagans against the administratrix of the estate of Stephen W. Devries, deceased, for the specific per-

formance of an alleged oral contract, whereby Devries, in his lifetime, agreed to sell, and Hagans to purchase, ten shares of the stock of the Rand, McNally & Co. corporation; Hagans alleging that the price to be paid by him was at the rate of three hundred dollars per share, or three thousand dollars in all. Said corporation and its secretary were also made parties defendant. Answers and a replication were filed, and the only evidence adduced as to the terms of the contract as respects price, was Hagans' own testimony, which was taken subject to objection by the administratrix. On the final hearing the court below denied the relief, for want of competent evidence, as to the terms of the alleged contract, and Hagans prosecutes this appeal. Hagans was not a competent witness in his own behalf against the representative of the estate of Stephen W. Devries, deceased. Cassel v. Cassel, 104 Ill. 361. Excluding Hagans' evidence, there is no competent evidence in the case which tended to establish the contract as set out, because there was none to show what was the agreed price. It is the established doctrine in this State, that before a court of equity will enforce the specific performance of a contract not in writing, it must clearly appear that a contract of sale was made, and its terms must be clearly proved. Allen v. Welb, 64 Ill. 342 ; Bowman v. Cunningham, 78 Ill. 48. Affirmed. Opinion PER CURIAM. Judge below, MURRAY F. TULEY. Attorneys, for appellant, Mr. JOHN BURTON PAYNE; for appellee, Messrs. SWETT, GROSSCUP & SWETT. Opinion filed July 28, 1886.